IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| SEA ISLAND COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CV205-105-AAA |
| | ) | |
| AMERICAN SIGNATURE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

The parties to this action having stipulated, through their respective counsel, to the entry of the following Protective Order Regarding Confidentiality ("Protective Order"), it is ORDERED that:

1. If, in the course of this litigation, either party or any non-party undertakes or is caused to disclose what the disclosing party contends is confidential or proprietary technical, scientific, or business information, the procedures set forth herein shall be employed and the disclosure thereof shall be subject to this Protective Order.

9267933.1

2.  For purposes of this Protective Order, the following definitions shall apply:

    a.  The term "DOCUMENT" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes without limitation any records, exhibits, reports, samples, deposition transcripts or other transcripts, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, or motions, including copies or computer-stored versions of any of the foregoing and any device, sample, prototype, or physical exhibit or evidence.

    b.  The term "CONFIDENTIAL INFORMATION" is defined herein as information which has not been made public and which the disclosing party contends would not normally be revealed to third parties or would be revealed only with an obligation to maintain confidentiality, including, but not limited to, information which concerns or relates to licensing, marketing, manufacturing, or product development.

9267933.1

c. The term "CONFIDENTIAL-ATTORNEYS ONLY" is defined as information, including but not limited to: (i) sales; (ii) cost of doing business and strategic planning; (iii) financial performance; (iv) internal company operations; and (v) technical characteristics of proprietary products or services disclosed by any party or any non-party during the course of the litigation that the disclosing party claims to be trade secret or confidential information of the type that it would not normally reveal to third parties or opposing parties and which it also considers detrimental to make available to the opposing party or parties.

d. Notwithstanding the foregoing, however, CONFIDENTIAL INFORMATION or CONFIDENTIAL ATTORNEYS ONLY INFORMATION (collectively "PROTECTED INFORMATION") does not include information that:

 (a) was previously known by the other party;

 (b) is distributed or disclosed to third parties without restriction;

 (c) is publicly available, by other than unauthorized disclosure; or

3

  e. is received from a third party, who has a right to disclose the information, without a statement of confidentiality.

  3. Any document that contains PROTECTED INFORMATION should be designated by the disclosing party prior to or at the time of disclosure by placing the notation "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" on every page of each document so designated. In the case of PROTECTED INFORMATION disclosed in a non-paper medium, (e.g., video tape, audio tape, computer disk, device, prototype, etc.), the notation "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the PROTECTED INFORMATION contained therein.

  4. Disclosure of any information and documents subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

9267933.1

a. Counsel for any party to the above-captioned litigation, including in-house attorneys, attorneys of counsels' law firms and all employees of those firms, paralegal assistants, stenographic and clerical employees; provided however, that CONFIDENTIAL-ATTORNEYS ONLY information shall be disclosed only to one designated, pre-approved in-house counsel of the receiving party; and

b. Any individual retained or specially employed by a party as an expert either in anticipation of litigation, preparation for trial or to testify at trial, provided that the party retaining such individual give notice to all parties at least five (5) business days prior to such disclosure that such disclosure will take place and identify the individual to whom disclosure will be made, and provided that such individual execute a statement agreeing to be bound by this Protective Order as follows: "I have been provided and have read the Stipulated Protective Order Regarding Confidentiality, and I expressly agree to be bound by its terms as ordered by the

9267933.1

Court." In the event that a party objects to such disclosure in writing during the five (5) day period, no such disclosure shall be made until the objection is resolved by the parties. If the parties are unable to resolve the matter informally, the party seeking to disclose Protected Information may then file an appropriate motion before the Court.

c. Three designated employees of each corporate party to the above titled actions, provided that such employees execute a statement agreeing to be bound by this Protective Order as follows: "I have been provided and have read the Stipulated Protective Order Regarding Confidentiality, and I expressly agree to be bound by its terms as ordered by the Court; provided however, these designated employees shall not receive documents marked CONFIDENTIAL-ATTORNEYS ONLY."

d. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court

9267933.1

who are engaged by the Court during the litigation of this action.

5. Whenever PROTECTED INFORMATION is to be: (a) discussed by a party or a non-party; or (b) disclosed in a deposition or other hearing or proceeding, any party or non-party claiming confidentiality may exclude from the room any person, other than persons designated in Paragraph 4 of this Protective Order, for that portion of the deposition, hearing or proceeding.

6. PROTECTED INFORMATION shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when such pleadings, motions, briefs, etc., have been filed under seal by counsel and marked in the same manner as described in paragraph 3 above. Such sealed pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7. Use of any PROTECTED INFORMATION, including all derivative information therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party, for any business, commercial, or competitive purpose. This Protective Order, however, in no way operates to restrict the disclosure or use of any information that is known or becomes known through

means or sources outside of this litigation. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request as provided under the Federal Rules of Civil Procedure. Nothing in this Protective Order shall prejudice any party from seeking amendments to it broadening or restricting the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

8. In the event that a party or non-party inadvertently fails to stamp or otherwise designate a document or other information as "Confidential" at the time of its production, that party or non-party may thereafter stamp or otherwise designate the document or other information. Pending any such designation of such document or other information, however, such document and its use or disclosure shall not be subject to this Protective Order and any prior disclosure or dissemination of such document or information resulting from disclosure to the receiving party shall not result in any liability on the part of the receiving party or any further recipient, unless such recipient is subsequently notified in writing of such designation and thereafter retains, discloses or uses such documents or information in violation of the restrictions set forth in this Protective Order. The parties agree to use their best efforts to recover any previously disclosed or

9267933.1

disseminated documents or information and to restrict any further disclosure or dissemination of material marked according to this Paragraph 8.

9. The inadvertent production of documents subject to the attorney-client privilege, the attorney work-product privilege, or any other privilege or doctrine (collectively, "Privilege") will not waive the Privilege. Any party receiving a privileged document shall immediately return it to the producing party. In the event that the receiving party believes in good faith that the producing party cannot properly assert any privilege or immunity with respect to the documents, the receiving party reserves the right to contest the assertion of such privilege pursuant to the Federal Rules of Civil Procedure and other applicable law, but without reference or reliance on the fact that such material was inadvertently produced.

10. If any party believes that another party or non-party has inappropriately designated any information or documents as subject to this Protective Order, the party shall, in writing, inform counsel for the party or non-party claiming the protected status. If the parties then are unable to resolve the matter informally, the party objecting to the claim to protected status may then file an appropriate motion before the Court.

11. Within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or coincidentally with the execution of any agreement between the parties to resolve amicably and settle this case, each party shall return to the other party or witness or certify destruction of all information and documents or any copies subject to this Protective Order; provided however, that outside counsel of record may retain one copy of the pleadings and deposition transcripts embodying PROTECTED INFORMATION for archival purposes.

SO ORDERED,

_____
MAGISTRATE JUDGE United States District Court

Protective Order Stipulated and consented to by:

_____
Theodore R. Remaklus
Lead Counsel (Admitted *Pro Hac Vice* 8/5/2005)
Ohio Bar No. 0061557

Wood, Herron & Evans, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio  45202
Phone:  513-241-2324
Fax:  513-421-7269

Steven P. Bristol, Esq.
Georgia Bar No. 083135
Hall, Booth, Smith & Slover, P.C.
3528 Darien Highway, Suite 300
Brunswick, GA  31525
Phone:  912-554-0093
Fax:  912-554-1973

Attorneys for Defendant AMERICAN SIGNATURE, INC.

_____
Wallace E. Harrell
Georgia Bar No. 328800

Gilbert Harrell Gilbert Sumerford & Martin, PC
777 Gloucester Street
Suite 200
Brunswick, Georgia 31520
Phone:  (912) 265-6700

Of Counsel
David M. Zacks
Virginia S. Taylor
Michael W. Rafter
Tywanda H. Lord
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia  30309-4530
Phone:  (404) 815-6500
Facsimile:  (404) 815-6555

Attorneys for Plaintiff
Sea Island Company

11

9267933.1